IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE ESQUIVEL | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| DESTIN JUNIOR AND | § | |
| MUZOM TRANSPORTATION, INC. | § | |

**DEFENDANT MUZOM TRANSPORTATION, INC.'S
NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant MUZOM TRANSPORTATION, INC. ("Defendant"), in Cause No. S-23-5868CV-A pending in the 36th Judicial District Court of San Patricio County, Texas, file this Notice of Removal to the United States District Court for the Southern District of Texas, Corpus Christi Division, on the basis of diversity jurisdiction, and would respectfully show the Court as follows:

**I.
BACKGROUND AND PROCEDURAL HISTORY**

1. This is an automobile accident personal injury action.

2. On **November 9, 2023**, Plaintiff filed suit against Defendants in the matter styled *George Esquivel vs. Dustin Junior and Muzom Transportation, Inc.*, Cause No. **S-23-5868CV-A**, in the **36th Judicial District of San Patricio County** (the "State Court Action"), Texas. In the State Court Action, Plaintiff asserts claims for *respondeat superior*, as well as negligent entrustment, negligent hiring and retention, negligent training and supervision, failure to maintain its vehicle in a safe condition, violation of unspecified "applicable local, state, and federal laws

and/or regulations" as well as Texas Transportation Code sections 545.062, 545.351, and 544.007, and unspecified "other acts deemed so negligent" against Defendant **Muzom Transportation, Inc**. Plaintiffs seek classic personal injury damages as contemplated under Texas law, including reasonable and necessary medical expenses in the past and future, physical pain and suffering in the past and future, mental anguish in the past and future, disfigurement in the past and future, physical impairment in the past and future, lost wages and diminished earning capacity, "in an amount within the jurisdictional limits of this court". Plaintiff also seeks pre- and post-judgment interest. Plaintiff finally prays for judgment in "excess of the minimum jurisdictional limits of this court, plus pre-judgment and post-judgment interests, all costs of court and all other and such further relief to which he may be justly entitled".

3. Defendant **Muzom Transportation, Inc.,** was served no earlier than January 30, 2024, according to state court filings, and based upon such date files this Notice of Removal within the thirty-day period as contemplated by 28 U.S.C. § 1446(b), as elaborated upon in greater detail below.

## II.
## BASIS FOR REMOVAL

4. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

**A.** There is Complete Diversity of Citizenship.

5. Plaintiff George Esquivel is a citizen of Texas.

6. Defendant **Muzom Transportation, Inc.,** is an Illinois corporation and maintains its principal place of business in Illinois. As such, for diversity purposes, **Muzom Transportation, Inc.,** is a citizen of Illinois. §1332(c)(1).

**B.** The Amount in Controversy Exceeds the Jurisdictional Requirements.

7.  The amount in controversy exceeds the $75,000 jurisdictional requirement. For the purposes of determining the amount in controversy, unless the law provides otherwise, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288 (1938); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). This requirement may also be satisfied when a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). The defendants can meet their burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000. *E.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253.

9.  To determine the amount in controversy, a court may consider actual damages, exemplary damages, and attorneys' fees. *White*, 319 F.3d at 675–76. Here, regarding their damages, Plaintiffs allege that they seek "monetary relief less than $250,000," Pl. Pet. at ¶ 5, and that they seek to recover several categories of damages: the actual and consequential damages to their Property, "additional damages calculated as a multiple of [their] actual damages" for their claims stemming from the alleged violation of the common law duty of good faith and fair dealing, statutory interest on their Chapter 542 insurance code claim, treble damages in connection with their DTPA claim, and attorneys' fees. Pl. Pet. at ¶¶ 50-55. Considering this, it "is apparent from the original petition that the amount in controversy can reasonably be construed to exceed $75,000." *Theriot v. Transamerica Life Ins. Co.*, 354 F.Supp.3d 713, 719-21 (E.D. Tex. 2017). Accordingly, the amount in controversy threshold is satisfied.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

10.  **Muzom Transportation, Inc.**, was first served with Plaintiff's Original Petition and process no earlier than January 30, 2024.  Thus, Defendant files this Notice of Removal within the thirty-day period required by 28 U.S.C. § 1446(b).

11.  Venue is proper in this district and division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

13.  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, all executed processes, all pleadings, signed orders, a copy of the docket sheet, an index of matters being filed, and a list of all counsel of record are being filed contemporaneously with this Notice.

14.  Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to the Plaintiff, the adverse party.

15.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the **Clerk of the San Patricio County District Cour**t, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant **MUZOM**

**TRANSPORTATION, INC.** hereby removes this case to this Court for trial and final determination.

Respectfully submitted,

**SHEEHY, WARE, PAPPAS & GRUBBS, P.C.**

_____
Steven O. Grubbs
Federal ID: 21932
State Bar No. 00796683
sgrubbs@sheehyware.com
Christoper A. Palumbo
Federal ID: 15411
State Bar No. 15443075
cpalumbo@sheehyware.com
Two Houston Center
909 Fannin Street, Suite 2500
Houston, Texas 77010-1003
(713) 951-1000 (Telephone)
(713) 951-1199 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel, using the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure on this the 29th day of February 2024.

Michael H. Garatoni
Daspit Law Firm
440 Louisiana, Suite 1400
Houston, TX 77002
e-service@daspitlaw.com

_____
Steven O. Grubbs

7214357